UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EVANTHONY R. NORMAN,

    Plaintiff,

v.   Case No. 8:24-cv-1012-TPB-CPT

AMAZON PAYMENTS INC.,
CORPORATION SERVICE
COMPANY, AND LINDA R. NORBUT,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

    Before me on referral is pro se Plaintiff Evanthony R. Norman's *Application to Proceed in District Court Without Prepaying Fees or Costs* (Doc. 2), which I construe as a motion to proceed in forma pauperis (IFP Motion). Also before me is Norman's complaint against Defendants Amazon Payments Inc. (Amazon), Corporation Service Company (Corporation Service), and Linda R. Norbut (Norbut). (Doc. 1). For the reasons discussed below, I respectfully recommend that Norman's IFP Motion be denied without prejudice and that his complaint be dismissed with leave to amend.

I.

    Norman's complaint is disjointed and difficult to decipher. Throughout his nearly twenty-page pleading, Norman randomly alludes to various prior state court

1

proceedings, as well as to a number of statutes and constitutional provisions, including ones relating to civil rights, unfair competition, consumer protection, and antitrust law. (Doc. 1). In addition, Norman attaches as exhibits to his complaint, among other items, a statement by the Federal Trade Commission (FTC) regarding unfair competition and this District's plan for pro bono representation without adequately explaining how these attachments pertain to his claims. (Doc. 1-1). He also references multiple other exhibits that he does not include with his complaint. (Doc. 1). And lastly, while Norman lists Amazon, Corporation Service, and Norbut as Defendants, he does not clearly direct any of his allegations towards them. *Id.*

With respect to his claim of indigency, Norman represents in his IFP motion that he has no assets, received only around $1,200 in the past twelve months, is currently unemployed, and does not expect to earn any income moving forward. (Doc. 2). Norman further represents in his IFP Motion that he has offsetting monthly expenses totaling approximately $400 and that he owes "back pay" in the amount of $200. *Id*.

II.

Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). A district court has "wide discretion" to grant or deny an application to proceed in forma pauperis. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306–07 (11th Cir. 2004) (per curiam) (citation

omitted). While such an application need not evidence "that the litigant is absolutely destitute," it must indicate "that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* at 1307 (internal quotation marks and citation omitted). In assessing whether a litigant is indigent, district "courts will generally look to whether [he] is employed, [his] annual salary, and any other property or assets [he] may possess." *Lesure v. Saul*, 2021 WL 2003458, at *1 (M.D. Fla. Mar. 31, 2021) (internal quotation marks and citation omitted), *report and recommendation adopted*, 2021 WL 2003073 (M.D. Fla. May 19, 2021).

When an application to proceed in forma pauperis is filed, a district court must also review and dismiss the case sua sponte if it finds that the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, the Federal Rules of Civil Procedure provide that a district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3); *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (stating that all federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party") (citation omitted). In evaluating a complaint under this framework, a district court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271–72 (11th Cir. 2018) (citation omitted). A district court, however, may not "afford [any] presumption of

3

truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin v. Curry*, 738 F.3d 1246, 1248 n.1 (11th Cir. 2013) (per curiam) (citations omitted).

Finally, while pro se pleadings are to be construed liberally, district courts are not to "act as de facto counsel" for unrepresented litigants, nor are they to "rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citing *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

III.

Irrespective of whether Norman qualifies as indigent for purposes of section 1915, his complaint is subject to dismissal because, at a minimum, it does not establish that the Court has subject matter jurisdiction over his lawsuit, and also does not comply with the pleading standards set forth in Federal Rules of Civil Procedure 8 and 10.  Each of these flaws will be addressed in turn.

A.

It is well settled that "[f]ederal courts are courts of limited jurisdiction." *Home Depot U.S.A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019) (internal quotation marks and citation omitted); *see also Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 174–78 (1803) (discussing the jurisdictional limitations of federal courts under Article III of the United States Constitution).  In practice, a federal court's subject matter jurisdiction is most often found "arising under" the laws of the United States pursuant to 28 U.S.C. § 1331 (i.e., federal question jurisdiction) or predicated on the "diversity" of the parties

under 28 U.S.C. § 1332 (i.e., diversity jurisdiction). *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332); *see also Walker v. Sun Trust Bank of Thomasville, Ga.*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) (same). Regardless of whether a plaintiff relies on federal question or diversity jurisdiction, he must include in his complaint a short and plain statement setting forth enough facts that, if true, show that a court has subject matter jurisdiction over his action. *See* Fed. R. Civ. P. 8(a)(1); *Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268–69 (11th Cir. 2013) (citation omitted).

In this case, Norman avers in his complaint that he seeks to invoke the Court's federal question jurisdiction. (Doc. 1 at 3). Such jurisdiction exists "where a case presents a federal question on the face of [a] plaintiff's well-pleaded complaint." *Sims v. UNATION, LLC*, 292 F. Supp. 3d 1286, 1299 (M.D. Fla. 2018) (citing *Cmty. State Bank v. Strong*, 651 F.3d 1241, 1251 (11th Cir. 2011)). Norman's complaint does not meet this standard here for at least two reasons.

First, it appears that several of the federal statutes upon which Norman relies do not provide a jurisdictional basis for his suit. By way of example, Norman cites 15 U.S.C. § 45(a), which renders unfair methods of competition unlawful. *See* (Doc. 1 at 3); *see also* 15 U.S.C. § 45(a)(1) ("Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful."). This subsection, however, grants the power to bring a civil action only to the FTC, not to a private citizen. *See* 15 U.S.C. § 45(m) ("The [FTC] may commence a civil action to recover a civil penalty in a district court of the

5

United States against any person, partnership, or corporation which violates any rule under this subchapter respecting unfair or deceptive acts or practices. . . ."). By way of another example, Norman references 28 U.S.C. § 1658, which sets forth the statute of limitations for civil actions arising under Acts of Congress, and 28 U.S.C. § 1654, which allows parties to proceed personally or by counsel. These provisions seemingly do not vest the Court with subject matter jurisdiction over Norman's complaint either.

Second, to the extent some of the federal statutes and constitutional provisions Norman mentions in his complaint could theoretically provide the Court with federal question jurisdiction under section 1331, his allegations are too muddled for me to ascertain which of the provisions might actually apply in this case. These deficiencies alone are fatal to Norman's complaint.

B.

Besides being jurisdictionally infirm, Norman's complaint also does not satisfy the strictures of Rules 8 and 10. Rule 8 mandates, in relevant part, that a complaint contain "a short and plain statement of [a] claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10 relatedly instructs that a complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and, "[i]f doing so would promote clarity," that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). As the Eleventh Circuit has explained, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, [and

6

so that a] court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Complaints that violate the requirements imposed by Rules 8 and 10 "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

Here, far from the "short and plain statement" demanded by Rule 8, Norman's fragmented and incoherent complaint leaves the reader "guess[ing] at precisely what [he is] claiming." *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460 (11th Cir. 2010) (per curiam)[1] (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1128 (11th Cir. 2001)). Other than generally asserting that his civil rights and various consumer protection statutes have been violated, Norman does not delineate in any meaningful way how the Defendants engaged in such unlawful conduct. (Doc. 1). Nor does Norman sufficiently describe "which of the [D]efendants are responsible for which acts or omissions" set forth in his complaint, or which of the Defendants are associated with which claim(s) asserted in his pleading. *Weiland*, 792 F.3d at 1323; *see also Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) (per curiam) ("If the complaint indiscriminately groups the defendants together, it fails to comply with the minimum standard of Rule 8.").

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

Compounding these problems is the fact that none of the averments scattered throughout Norman's broad and meandering complaint are clearly and distinctly presented in the manner prescribed by Rule 10. Fed. R. Civ. P. 10(b); *Weiland*, 792 F.3d at 1322. This is because Norman fails to separate each claim for relief into a different count and to identify in separately numbered paragraphs the pertinent facts that support each count. As a result, it is not evident which of his factual allegations relate to which of his claims. *Twombly*, 550 U.S. at 555 n.3; *Anderson v. Dist. Bd. of Trs.*, 77 F.3d 364, 366 (11th Cir. 1996) (recognizing that a hallmark of an improperly pleaded complaint is when "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief").

Taken singularly or in combination, these pleading defects deprive both the Defendants and the Court of "fair notice" regarding the nature of the claims brought against the Defendants and the bases upon which they are predicated. *Twombly*, 550 U.S. at 555 n.3; *see also Weiland*, 792 F.3d at 1323 (observing that the "[t]he unifying characteristic" of complaints that fail to satisfy Rules 8 and/or 10 "is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests"); *Curry*, 738 F.3d at 1250 ("It is important that defendants be apprised of the conduct that forms the basis of the charges against them."). Norman's complaint is therefore subject to dismissal on this basis as well. *See Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018) ("[W]e have condemned shotgun pleadings time and again, and this is why we have repeatedly held that a District Court retains authority

8

to dismiss a shotgun pleading on that basis alone."). The fact that Norman is proceeding pro se does not excuse his failure to comply with the basic pleading requirements set forth in Rules 8 and 10. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) (per curium) (noting that while "[a] pro se pleading is held to a less stringent standard than a pleading drafted by an attorney[,] . . . [it] must still suggest that there is at least some factual support for a claim") (citation omitted).

C.

Notwithstanding the above issues, I respectfully submit that the Court should dismiss Norman's complaint without prejudice and with leave to amend, so that Norman has an opportunity to correct these problems.[2] *See Emrit v. Sec'y, U.S. Dep't of Educ.*, 829 F. App'x 474, 477 (11th Cir. 2020) (per curiam) ("A plaintiff ordinarily should get one opportunity to amend [her] complaint before dismissal with prejudice.") (citing *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005)). If Norman elects to file a revised complaint, however, I encourage him to seek legal assistance and to consult the resources available to pro se litigants in advance of doing

---

[2] Prior to commencing this lawsuit, Norman filed a similar complaint in another action against Defendant Amazon. *See Norman v. Amazon Payments Inc.,* No. 8:24-cv-79-TPB-SPF, (Doc. 1) (M.D. Fla. Jan. 8, 2024). That complaint was likewise described as "a confusing mash-up of incomplete sentences and statute excerpts" and was dismissed after Norman failed to timely amend it. *Id.* at (Docs. 9, 10, 13).

9

so. Norman may obtain advice, for example, through the "Legal Information Program," in which the Tampa Bay Chapter of the Federal Bar Association offers unrepresented parties the chance to solicit and obtain free, limited guidance from attorneys on the procedures governing federal cases.

In addition, Norman may review the materials the Middle District of Florida makes available to pro se litigants, which includes a "Guide for Proceeding Without a Lawyer." The Court's website also contains helpful links to the Federal Rules of Civil Procedure, as well as to various forms for federal court litigants to use.

IV.

For the reasons set forth above, I respectfully recommend that the Court:

1. Deny Norman's IFP Motion (Doc. 2) without prejudice;

2. Dismiss Norman's complaint (Doc. 1) without prejudice;

3. Grant Norman leave to file, within thirty (30) days of the Court's Order, an amended complaint that adequately pleads one or more cognizable causes of action over which the Court has jurisdiction; and

4. Caution Norman that a failure to abide by this directive may result in the dismissal of his case without further notice.

Respectfully submitted this 24th day of October 2024.

*Christopher P. Tuite*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## **NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
Pro se Plaintiff